IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY SAUTO, | ) | CASE NO. 5:14 CV 1970 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| OHIO ADULT PAROLE AUTHORITY, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral,[1] is the petition of Kimberly Sauto for a writ of habeas corpus

under 28 U.S.C. § 2254.[2]  Sauto currently serves a five-year term of post-release control,

imposed by the Summit County Court of Common Pleas, following her 2012 conviction after

a jury trial, on a charge of unlawful sexual contact with a minor.[3]

In her petition, Sauto raises seven grounds for relief.[4]  The State, in its return of the

writ, contends that ground five should be dismissed as procedurally defaulted;[5] grounds one,

---

[1]The matter was referred to me under Local Rule 72.2 by United States District Judge Dan
Aaron Polster in a non-document order entered on September 9, 2014.

[2]ECF # 1.

[3]*Id*. at 1; ECF # 7, Attachment (state court record) at 40; *see* R.C. 2907.04(A).

[4]ECF # 1 at 4-5.

[5]ECF # 7 at 11-13.

two and three should be dismissed as non-cognizable issues of state law;[6] and that the remaining grounds should be denied after AEDPA review.[7]  Sauto has filed a traverse.[8]

For the reasons that follow, I will recommend that Sauto's petition be dismissed in part and denied in part, as detailed below.

## Facts

### A.     Underlying facts, trial and sentence

The relevant facts underlying this matter were found by the state appeals court.[9]

Sauto was an instructor at a dance studio where J.C., the victim, started as her student at a very young age.[10]  In 2011, at age fifteen, J.C. also became her assistant.[11]  In that capacity, J.C. traveled with Sauto, then in her early thirties, to dance workshops around the country.[12]  After spending time together away from home on such trips, the two began exchanging text messages described as being "straight out of a teenage love affair."[13]

Following a late evening rehearsal at the dance studio on August 19, 2011, Sauto gave

---

[6]*Id.* at 16-25.

[7]*Id.* at 26-39.

[8]ECF # 9.

[9]ECF # 7, Attachment at 135-38.

[10]*Id.* at 135.

[11]*Id.*

[12]*Id.*

[13]*Id.* at 136.

J.C. a ride home.[14]  On that trip, Sauto drove her car to a secluded residential street, stopped the car, and offered J.C oral sex.[15]  He accepted.  Sauto then had sexual  intercourse with J.C. in the front seat of the car before ultimately driving him home.[16]

Subsequent to these events, J.C. and Sauto exchanged text messages and love letters for several weeks until Sauto's husband discovered  their relationship.[17]  After that, they continued to pass messages to one another through J.C.'s dance partner.[18]  That person also discovered the relationship when a package Sauto asked her to deliver to J.C. came open, revealing the contents of a letter.[19]  The prosecutor was given the contents of this package and an investigation began.[20]

During this investigation, Sauto admitted to authorities that her relationship with J.C. was more than a typical student-teacher relationship, that she had developed a crush on him, and eventually fell in love with him.[21]  But, while acknowledging that she and J.C. had kissed, Sauto denied they had rehearsed together that evening in August, and denied any sex

---

[14]*Id.*

[15]*Id.*

[16]*Id.*

[17]*Id.* at 137.

[18]*Id.*

[19]*Id.*

[20]*Id.*

[21]*Id.*

had occurred between them.[22]

Nevertheless, Sauto was indicted on one count of unlawful sexual conduct with a minor.[23]  The indictment originally alleged that the offense took place "on or about the 1st day of August, 2011."[24]  But four days before trial,[25] the State moved to amend the indictment to allege that the offense had occurred "on or about August 15, 2011, through September 3, 2011."[26]  The trial court granted that motion over Sauto's objections, and refused Sauto's request for a continuance.[27]

After her trial, at which both she and J.C. testified, the jury found her guilty of the charged offense.[28]  The trial court denied Sauto's motion for a new trial[29] and sentenced her to serve one year in prison, followed by a five-year period of post-release control.[30]

---

[22]*Id.*

[23]*Id.*

[24]*Id.*

[25]*Contra* ECF # 9 at 2 (Sauto alleges that the amendment was three-and-a-half days before trial.)

[26]ECF # 7, Attachment at 137-38.

[27]*Id.* at 138.

[28]*Id.*

[29]*Id.* at 34.

[30]*Id.* at 40.

**B.      Direct Appeal**

*1.      Ohio Court of Appeals*

Sauto, through counsel, filed a timely[31] notice of appeal[32] with the Ohio court of appeals.  In her brief, Sauto raised the following nine (9) assignments of error:

1.      Defendant was denied due process of law when the court allowed the prosecutor, on the eve of trial, to amend the date of the offense in the indictment.

2.      Defendant was denied due process of law when the court refused to grant a continuance.

3.      Defendant was denied due process of law and a fair trial when the court refused to grant a mistrial.

4.      Defendant was denied a fair trial when the court allowed hearsay testimony concerning what others had told witnesses.

5.      Defendant was denied due process of law when the court allowed undelivered letters to be admitted into evidence.

6.      Defendant was denied due process of law when the court failed to instruct the jury to conform to the evidence.

7.      Defendant was denied due process of law by reason of improper prosecutorial argument.

8.      Defendant was entitled to a new trial as the verdict is against the manifest weight of the evidence.

9.      Defendant was denied due process of law when the court overruled

---

[31] *See* Ohio App. R. 4(A) (To be timely, a party must file a notice of appeal within 30 days of the judgment being appealed.); s*ee also*, *Smith v. Konteh*, No. 3:04CV7456,  2007 WL 171978, at *2 (N.D. Ohio Jan.18, 2007).  Sauto's conviction and sentence were journalized on March 19, 2012 and her appeal to the state court of appeals was filed on April 18, 2012.

[32] ECF # 7, Attachment at 43.

defendant's motion for judgment of acquittal.[33]

The state filed a brief in response.[34]  The Ohio appeals court overruled all nine assignments of error and affirmed the trial court's decision.[35]

On April 12, 2013, Sauto, through counsel, filed an application for reconsideration[36] and a motion for certification of conflict.[37]  The court denied both motions on May 10, 2013.[38]

## 2.    *Supreme Court of Ohio*

Sauto, through counsel, filed a timely notice of appeal[39] with the Ohio Supreme Court,[40] appealing the April 3, 2013 decision and both of the May 10, 2013 journal entries.[41]

_____

[33]*Id.* at 50.

[34]*Id.* at 96.

[35]*Id.* at 135.

[36]*Id.* at 156.

[37]*Id.* at 163.

[38]*Id.* at 161, 166.

[39]*See* Ohio S.Ct.Prac.R. 2.2(A)(1)(a) (To be timely, a  notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.);  *See also, Applegarth v. Warden*, 377 F.Appx. 448, 450 (6th Cir.2010) (discussing 45 day limit) (unreported case).  Here, the appellate judgment was entered on May 10, 2013, and the notice of appeal filed in the Supreme Court of Ohio on. June 17, 2013.

[40]ECF 7, Attachment at 167.

[41]*Id.*

In her memorandum in support of jurisdiction, she raised the following eight (8) propositions of law:

I.     A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE COURT ALLOWS THE PROSECUTOR, ON THE EVE OF TRIAL, TO AMEND THE DATE OF THE OFFENSE CONTAINED IN THE INDICTMENT.

II.    A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN  THE COURT REFUSES TO GRANT A CONTINUANCE BASED ON A LATE CHANGE TO THE DATE IN THE INDICTMENT AND SUBSEQUENTLY OVERRULES A MOTION FOR A NEW TRIAL.

III.   A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW AND A FAIR TRIAL WHEN A COURT REFUSES TO GRANT A MISTRIAL WHERE EVIDENCE SHOWS THAT THE PROSECUTOR WAS AWARE OF THE EXACT DATE OF THE OFFENSE BUT MISLED COUNSEL BY CHANGING THE DATE PRIOR TO TRIAL.

IV.    A DEFENDANT HAS BEEN DENIED A FAIR TRIAL WHEN A COURT ALLOWS HEARSAY TESTIMONY FROM WITNESSES RELATING WHAT OTHER PERSONS HAD TOLD THE TESTIFYING WITNESSES.

V.     A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE COURT ALLOWS UNDELIVERED LETTERS [TO] BE ADMITTED INTO EVIDENCE WHICH ARE IRRELEVANT AND PREJUDICIAL.

VI.    A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN A COURT FAILS TO INSTRUCT THE JURY IN CONFORMITY WITH THE ADMITTED EVIDENCE.

VII.   A DEFENDANT HAS BEEN DENIED A FAIR TRIAL WHERE THE PROSECUTOR HAS ENGAGED IN IMPROPER PROSECUTORIAL ARGUMENT.

VIII.  A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW

WHEN THE COURT FAILS TO GRANT A NEW TRIAL BASED
UPON THE WEIGHT OF THE EVIDENCE AND FAILS TO GRANT
A MOTION FOR JUDGMENT OF ACQUITTAL.[42]

The state filed a waiver of memorandum in response.[43] On September 25, 2013, the Ohio

Supreme Court declined to accept jurisdiction of the appeal pursuant to Ohio Supreme Court

Practice Rule 7.08(B)(4).[44]

## C.    Federal Habeas Petition

On September 5, 2014, Sauto, through her attorney, timely filed[45] a federal petition

for habeas relief.[46]  In it, Sauto raises seven (7) grounds for relief:

GROUND ONE:    SIXTH AND FOURTEENTH AMENDMENT

Supporting facts:    Petitioner was denied due process of law and her Sixth
Amendment right when the court permitted the
prosecutor, on the eve of trial, to amend the date of the
offense alleged in the indictment without re[-]submission
of the matter to a Grand Jury.

GROUND TWO:    SIXTH AND FOURTEENTH AMENDMENT

Supporting facts:    Petitioner was denied due process of law when the court
refused to grant a continuance based on the late change
to the date in the indictment and subsequently overruled

---

[42]*Id.* at 177-86.

[43]*Id.* at 211.

[44]*Id.* at 212; *see* S.Ct.Prac.R. 7.08(B)(4).

[45]ECF # 1.  This petition was filed within one year of the conclusion of Sauto's direct appeal
in the Ohio courts prior to any addition of time to file certiorari and is therefore in compliance with
28 U.S.C. § 2254(d)(1) (2012).

[46]*Id.*

the motion for judgment of acquittal based upon evidence showing the impossibility of committing the offense on the new date alleged.

GROUND THREE: FOURTEENTH AMENDMENT

Supporting facts:    Petitioner was denied due process of law and a fair trial when the trial court refused to grant a mistrial where the evidence showed that the prosecutor was aware of the exact date of the offense but misled counsel and the jury by changing the date prior to trial[.]

GROUND FOUR:    SIXTH AND FOURTEENTH AMENDMENT

Supporting facts:    Petitioner was denied a fair trial when the court permitted hearsay testimony from witnesses relating what other persons had told the testifying witnesses thus depriving petitioner of her right of confrontation.   This was exacerbated when the court allowed undelivered letters to be admitted into evidence which were irrelevant and prejudicial.

GROUND FIVE:    FOURTEENTH AMENDMENT

Supporting facts:    Petitioner was denied due process of law when the court failed to instruct the jury in conformity with the admitted evidence.

GROUND SIX:    FOURTEENTH AMENDMENT

Supporting facts:    Petitioner was denied a fair trial when the prosecutor engaged in improper prosecutorial argument which inflamed the jurors.

GROUND SEVEN: FOURTEENTH AMENDMENT

Supporting facts:    Petitioner was denied due process of law when the court failed to grant a new trial as the evidence was insufficient

to permit a rational fact finder to return a verdict of guilty.[47]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Sauto was in state custody as a result of her conviction and sentence by an Ohio court, and that she was released into post release control supervision at the time she filed this petition. Thus, Sauto meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[48]

2.    There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[49]

3.    In addition, Sauto states,[50] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[51]

4.    Moreover, it appears that besides ground five which is procedurally defaulted, Sauto's claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[52]

5.    Finally, because Sauto is represented by counsel, she has not requested

---

[47]*Id.* at 4-5.

[48]*See* 28 U.S.C. § 2254(a) (2012); *see Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[49]*See* 28 U.S.C. § 2254(d)(1) (2012); *see Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[50]ECF # 1 at 3.

[51]*See* 28 U.S.C. § 2254(b) (2012); *see In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[52]*See* 28 U.S.C. § 2254(b) (2012); *see Rhines v. Weber*, 544 U.S. 269, 274 (2005); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

the appointment of counsel,[53] nor has she requested an evidentiary hearing to develop the factual bases of her claims.[54]

## B.    Standards of review

### 1.    Non-cognizable claims

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[55]  Accordingly, to the extent a petitioner claims that her custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[56]  In such circumstances, a claim for federal habeas relief, based solely on the ground of purported violation of state law, is properly dismissed by the federal habeas court as non-cognizable.[57]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[58]  The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate

---

[53]*See* 28 U.S.C. § 2254(h) (2012); *see* R. GOVERNING SECTION 2254 CASES IN THE UNITED STATES DIST. COURTS 8(c).

[54]*See* 28 U.S.C. § 2254(e)(2) (2012).

[55]28 U.S.C. § 2254(a) (2012).

[56]*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[57]*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[58]*Estelle*, 502 U.S. at 67-68.

-11-

this "fundamental fairness."[59]  Specifically, such violations include only those offenses that offend "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."[60]

The petitioner bears the burden of showing that such a violation has occurred.[61]  In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law,[62] and it may not second-guess a state court's interpretation of its own procedural rules.[63]  Further, while in general, distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[64] the Sixth Circuit has recognized that "errors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair."[65]

---

[59]*Bey*, 500 F.3d at 522 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

[60]*Montana v. Egelhoff*, 518 U.S. 37, 43 (1996); *c.f. Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934) (stating that a state may regulate its court procedures so long as it does not violate a fundamental principle of justice) (citing *Twining v. New Jersey*, 211, U.S. 78 (1908) (overturned on other grounds).

[61]*Bey*, 500 F.3d at 522.

[62]*Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[63]*Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[64]*Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[65]*Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006) (internal quotation omitted).

## 2.      *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to federal habeas review.[66]  Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, or because she violated a state procedural rule.[67] Under the doctrine of procedural default, a federal habeas court will not review the merits of a claim, even if it alleges a constitutional violation, where a state court has previously declined to hear it because of the petitioner's failure to follow a state procedural rule.[68] Before seeking federal review then, the petitioner must have first "fairly presented the substance of [her] federal habeas corpus claim to the state courts."[69]

When a state asserts that a violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part test to determine whether the claim is procedurally defaulted.[70]  A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set

---

[66] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[67] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[68] *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012) (explaining that such rules are "designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism").

[69] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation omitted).

[70] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

-13-

out in that test:[71]

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[72]

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[73]

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[74] that is both 'firmly established and regularly followed.'"[75]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[76]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[77]  In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial

---

[71]*Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[72] *Id.* (citing *Maupin*, 785 F.2d at 138).

[73]*Id.* (citing *Maupin*, 785 F.2d at 138).

[74] *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[75] *Id.* (citing *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2001) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24)).

[76] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[77] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

-14-

with error of constitutional dimensions."[78]

Additionally, "a credible showing of actual innocence" may excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[79]

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[80]

### 3.    *AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996[81] ("AEDPA") increased the deference that federal courts must give to state court decisions in habeas corpus cases. AEDPA's provisions apply to all habeas corpus petitions brought after its effective date, April 24, 1996.[82]   AEDPA, therefore, applies to Sauto's petition, which she filed on September 5, 2014.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas

---

[78]*Id.* (quoting *United States v. Frady*, 456 U.S. 298, 327 (1982) (emphasis in original).

[79] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013).

[80] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see also Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (internal quotation marks omitted).

[81]Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[82]*Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).

corpus.[83]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[84]

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[85] and  "difficult to meet,"[86] thus, preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[87]

**a.     "Contrary to" or "unreasonable application of" clearly established federal law**

Under § 2254(d)(1), "clearly established [f]ederal law" includes only Supreme Court holdings and does not include dicta.[88]  There are two ways that a state court decision can be "contrary to" clearly established federal law:[89] (1) where the state court applies a rule that

---

[83] *See* 28 U.S.C. § 2254 (2012).

[84] 28 U.S.C. § 2254(d) (2012).

[85]*Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[86] *Id.*(citation omitted).

[87]*Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[88]*Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[89]*Brumfield v. Cain*, 135 S.Ct. 2269, 2289 (2015).

contradicts the governing law set forth in a Supreme Court case,[90] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[91]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not specifically cite the Supreme Court.[92]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[93] Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[94]  Where no such Supreme Court holding exists,  the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[95]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's

---

[90] *Id.*

[91] *Id.*

[92] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[93] *Id.*

[94] *See id.*

[95]*Woodall*, 134 S.Ct. at 1699 (quoting *Williams*, 529 U.S. 362, 407 (2000)).

-17-

application was objectively unreasonable.[96]   A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[97]   To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[98] Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case. Where the state court application is not unreasonable however, the federal habeas court must deny the petition.

**b.    "Unreasonable determination" of the facts**

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[99]   Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[100] A federal court may not characterize a state court factual determination as unreasonable

---

[96] *Id.* at 1702 (quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003)).

[97] *Id.*

[98] *Id.* (quoting *Richter*, 562 U.S. at 103).

[99] *Brumfield*, 135 S.Ct. at 2277.

[100] 28 U.S.C. § 2254(e)(1) (2012).

"merely because [it] would have reached a different conclusion in the first instance."[101]

While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review" or "by definition preclude relief,"[102] it is indeed a difficult standard to meet.  As such, the proper role of a federal habeas court is  to "guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[103]

## C.      Application of standards

### 1.       *Ground five - alleging that the court failed to instruct the jury in conformity with the evidence - should be dismissed as procedurally defaulted.*

Sauto's fifth ground, that the trial court failed to instruct the jury in conformity with the evidence,[104] should be dismissed as procedurally defaulted.  Under the doctrine of procedural default, a federal habeas court will not review the merits of a claim, where a state court has previously declined to hear it on account of the petitioner's failure to follow a state

---

[101] *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[102] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[103] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (internal quotation marks omitted).

[104] ECF # 1 at 5.

court procedural rule.[105]  Here, Sauto argues that the jury was not properly instructed.[106]  In her traverse however, Sauto admitted that she did not raise a contemporaneous objection to the instruction.[107]  The State argues that Sauto violated Rule 30 of the Ohio Rules of Criminal Procedure.[108]

Application of the Sixth Circuit's four-part test for procedural default to this rule show that Sauto's violation of it subjects this ground to procedural default, precluding federal review:[109]

(1) Rule 30 is a state procedural rule.[110]  It was both in place and not followed by Sauto.[111]  As previously noted,[112] Sauto acknowledged her failure to follow the rule in her traverse.[113]

(2) The state court of appeals denied consideration of the merits of the claim based

---

[105]*See Richter*, 562 U.S. at 98.

[106]ECF #1 at 5.

[107]ECF # 9 at 14 ("A further objection to a jury instruction would be mere surplusage.").

[108]*See* ECF # 7 at 11.

[109]*See Jells*, 528  F.3d at 488.

[110]*See* Ohio Crim. R. 30 ("On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds for objection.").

[111]*See Jells*, 528 F.3d at 488.

[112]*Supra* note 83.

[113]ECF # 9 at 14.

on the state procedural default.[114]  In refusing to address the merits of Sauto's claim, that court stated that she "did not object to the instruction at trial and she has not described how she was prejudiced by the instruction."[115]

(3) The Supreme Court has specifically found that Rule 30 is an "adequate and independent state ground,"[116] that is both "firmly established and regularly followed."[117] Similarly, the Sixth Circuit has extensively discussed Ohio's contemporaneous objection rule with regard to this prong of its test,[118] and has ultimately concluded that "[c]ertainly, Ohio's rule passes the third [prong]."[119]

(4) Sauto has not demonstrated an external cause for the default.  Specifically, she has not shown that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[120]  She has not shown prejudice for the default; that an error at trial "worked to [her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[121]

---

[114]*See Jells*, 528 F.3d at 488.

[115]ECF # 7, Attachment at 150.

[116]*Engle v. Isaac*, 456 U.S. 107, 124 (1982) ("Failure to comply with Rule 30 is adequate, under Ohio law, to bar appellate consideration of an objection.").

[117]*Id.*

[118]*See e.g. Scott v. Mitchell*, 209 F.3d 854, 865-71.

[119]*Id.* at 871.

[120]*See Jells*, 538 F.3d, at 488.

[121]*See id.*

-21-

Additionally, Sauto has not made any "credible showing of actual innocence."[122] Indeed, she has done little more than baldly assert that complying with the rule would have constituted "mere surplusage."[123]

While it may be true that  "a correct jury instruction . . . [is] required,"[124] the appropriate time for Sauto to have addressed the purported lack thereof was at the time of the instruction, not for the first time on appeal.  Accordingly, this ground should be dismissed as procedurally defaulted.

**2.     *Ground one - alleging a denial of due process when the indictment was amended - should be dismissed as a non-cognizable state law claim.***

Sauto's first ground, alleging a denial of due process because the trial court permitted amendment of the indictment without re-submission to the grand jury,[125] should be dismissed as a non-cognizable state law claim.   While there is a federal constitutional right to indictment by grand jury in federal criminal proceedings,[126] no such right exists in state criminal prosecutions, as the Supreme Court has never held the Fifth Amendment right to

---

[122]*See Perkins*, 133 S.Ct. at 1931.

[123]ECF # 9 at 14.

[124]*Id.*

[125]ECF # 1 at 4.

[126]U.S. CONST. amend. V ("No person shall be held to answer for a captial, or otherwise infamous crime, unless on a presentment or indictment of a grand jury . . . ."); *Branzburg v. Hayes*, 408 U.S. 665, 687 (1972) ("Grand jury proceedings are constitutionally mandated for the institution of federal criminal prosecutions for capital or other serious crimes.").

indictment by grand jury applicable to the states via the Fourteenth Amendment.[127]

Sauto's first ground then presents solely a state law claim, and as such, is not cognizable under the federal habeas statute.  Merely alleging a violation of "due process" does not transform it into a claim that a federal habeas court can hear.[128]  *A fortiori*, the Sixth Circuit has explicitly stated that "there is no constitutional right in a state prosecution to a grand jury indictment with particular specificity."[129]  In a state prosecution, due process mandates only that the indictment provide the defendant with fair notice of the charges against him to permit adequate preparation of his defense."[130]  A defendant is given fair notice "when the offense is described with some precision and certainty so as to apprise the accused of the crime with which he stands charged."[131]

Sauto states that the trial judge permitted an amendment to the indictment some three-and-a-half days prior to trial, which changed the date of the charged offense from a specific date to a nineteen day period.[132]  She asserts that the amended indictment was not re-

---

[127]*Branzburg*, 408 U.S. at 687-88 n.25; *see Hurtado v. California*, 110 U.S. 516, 535 (1884) ("[I]f in the adoption of [the Fourteenth] [A]mendment it had been part of its purpose to perpetuate the institution of the grand jury in all the states, it would have embodied, as did the [F]ifth [A]mendment, express declarations to that effect.").

[128]*See e.g. McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000) (merely attaching the phrase "denial of due process"does not fairly present the claim that a specific constitutional right was violated).

[129]*Williams v. Haviland*, 467 F.3d 527, 534 (6th Cir. 2006).

[130]*Id.* at 535 (internal quotation marks omitted).

[131]*Id.*

[132]ECF # 9 at 2.

submitted to a grand jury.  This was her proof that she was injured.[133]  Whether or not any injury actually resulted from the amendment, however, this ground presents solely an issue of state law and may not be heard by a federal habeas court.

Accordingly, ground one should be dismissed as non-cognizable.

### 3.    *Ground two - claiming that the denial of a continuance denied Sauto due process - should be dismissed as a non-cognizable state law claim.*

Ground two, alleging that the trial court denied Sauto due process because it refused to grant her a continuance,[134] should be dismissed as non-cognizable.  There is no federal constitutional right to a continuance.  "The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel."[135]  Denial of a continuance, then, offends a federal right "only when there is an unreasoning and arbitrary insistence upon the expeditiousness in the face of a justifiable request for the delay."[136]  "[As the Supreme Court has indicated,] the denial of a continuance will rarely give rise to a constitutional violation and the circumstances of a particular case determine whether the denial of a continuance is so arbitrary as to violate due process."[137]

---

[133]*Id.*

[134]ECF # 1 at 4.

[135]*Unger v. Sarafite*, 376 U.S. 575, 589 (1964) (citation omitted).

[136]*Landrum v. Mitchell*, 625 F.3d 905, 927 (6th Cir. 2010) (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)).

[137]*Id.* (internal quotation marks omitted).

Sauto has made no argument that the trial court's denial of a continuance was arbitrary, let alone *so* arbitrary as to deny her due process.

Accordingly, ground two should be dismissed as non-cognizable.

**4.      *Ground three - asserting that the denial of a mistrial denied Sauto due process and a fair trial - should be dismissed as a non-cognizable state law claim.***

Sauto's third ground, that the trial court's refusal to grant a mistrial denied her due process and a fair trial,[138] should be dismissed as a non-cognizable.  A trial court's decision whether to grant or deny a mistrial under Ohio law does not present a question of federal law. That decision is a matter of state procedure.[139] A federal habeas court may not issue a writ "on the basis of a perceived error of state law."[140]  Sauto does not show that the trial court's failure to grant a mistrial constituted a violation of any federal law.   Accordingly, ground three is non-cognizable claim and should be dismissed.

**5.      *Ground four - claiming that admission of hearsay testimony deprived Sauto of her right to confrontation, and thus a fair trial - should be denied after AEDPA review: The state court of appeals denial of this claim was not contrary to the clearly established federal law of* Pointer v. Texas[141]**

---

[138]ECF # 1 at 4.

[139]*See McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) ("Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment.") (citation omitted).

[140]*Moreland v. Bradshaw*, 699 F.3d 908, 926 (6th Cir. 2012) (citing *Pully v. Harris*, 465 U.S. 37, 41 (1984).

[141]380 U.S. 400 (1965).

Ground four, alleging that the admission of hearsay testimony deprived Sauto of her confrontation rights and prevented her from having a fair trial,[142] should be denied after AEDPA review because the state court of appeals' decision was not contrary to *Pointer v. Texas*.  As a preliminary matter, taking issue with a court's ruling on whether or not something is hearsay does not in and of itself present a cognizable issue, but asserting that such a ruling nevertheless denied a person her constitutional right to confront the witnesses against her, does present an issue for a federal habeas court to evaluate.

In this ground, Sauto alleged presentment of Confrontation Clause violations to the state court of appeals.[143]  The state court of appeals, before overruling these claims, squarely addressed them in light of the Ohio Evidence Rules and state cases discussing the rehabilitation of witnesses .[144]

In her traverse, Sauto refers to "a number of instances when witnesses related what others had told them,"[145]  hearsay in violation of the Confrontation Clause.  But she only specifies two such instances: (1) statements made during trial by Sargent Rice recounting what J.C. said to him during an interview, and (2) statements made by Denise Sauto about what Richie Sauto had previously said to her.[146]

---

[142]ECF # 1 at 5.

[143]ECF # 7, Attachment at 73-75 (presented as Assignments of Error IV and V).

[144]*Id.* at 145-48.

[145]ECF # 9 at 10.

[146]*Id.*

With regard to Sargent Rice's statements about what J.C. had said, the state court of appeals quoted the prior consistent statements exception to the rule against hearsay in Ohio Evidence Rule 801(D)(1)(b),[147] stating that "a statement is not hearsay if the declarant of the statement testifies at trial and is subject to cross-examination regarding the statement, and the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge of recent fabrication.[148]  The court then cited state cases interpreting the rule for witness rehabilitation.[149]  The state court of appeals discussed the circumstances surrounding Sargent Rice's statement about what the victim had said to him.[150]  Sargent Rice's statements about what J.C. said during his interview were made after Sauto's lawyer had the opportunity to cross-exam J.C. about his inconsistent statements.[151]  As such, the state court of appeals found "the testimony of the officer, who testified after J.C., was admissible to show that J.C. had recounted a version of the facts that was consistent with his trial testimony only a couple of weeks after the alleged conduct and before he started

---

[147]Evid. R. 801(D)(1)(b) ("A statement is not hearsay if . . . . [t]he declarant testifies at trial . . . and is subject to cross-examination concerning the statement, and the statement is . . . consistent with declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication.").

[148]ECF # 7, Attachment at 145.

[149]*Id.*

[150]*Id.*

[151]*Id.*

claiming that he had not had sex with Ms. Sauto."[152]  Similarly, the state court of appeals based its denial on Sauto's Confrontation Clause claim on her ability to confront and cross-examine the victim about the statements.[153]

With regard to the alleged statements that Denise Sauto made regarding what Richie Sauto had told her, after reviewing the trial transcript, the state court of appeals remarked that it was "unable to find any instance in which [Denise Sauto] recounted something that [Richie Sauto] had told her.  She merely testified that he brought a stack of letters to her, that she read the letters, and that [he] later took the letters to the prosecutor's office."[154]

The state court of appeals analyzed Sauto's challenge of  the admission of the "undelivered letters" and text messages reflecting "private amorous thoughts and ruminations"[155] under Ohio Evidence Rule 401.[156]  The court stated that Sauto made no demonstration that the admitted communications were not relevant and overruled her assignment of error.[157]

In *Pointer v. Texas*, the Supreme Court held that the Sixth Amendment right of

---

[152]*Id.* at 145-46.

[153]*Id.* at 146.

[154]*Id.*

[155]EFC # 7 Attachment at 74-75.

[156]Evid. R. 401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").

[157]ECF 146 # 7, Attachment at 146-48.

confrontation is a fundamental right."[158]  This fundamental right of confrontation, however guarantees only "an opportunity for effective cross examination, not cross examination that is effective in whatever way, and to whatever extent, the defense might wish."[159]

In none of the instances that Sauto raises in ground four was she denied her right to confront witnesses against her; nothing in this ground is contrary to the clearly established law in *Pointer*.  As such, Sauto was not denied her right of confrontation.  While it is true that the state court of appeals' analysis primarily focused on whether the challenged testimony was hearsay, and only briefly addressed Sauto's opportunity to confront and cross-examine the person who made the statement,[160] such treatment does not amount to action that is contrary to federal law as determined by the Supreme Court.

Accordingly, after AEDPA review, ground four should be denied.

**6.      *Ground six - alleging that the prosecutor engaged in improper argument that inflamed the jurors, and denied Sauto a fair trial - should be denied after AEDPA review because it is not contrary to the established federal law of* Darden v. Wainwright.[161]**

Ground six, alleging prosecutorial misconduct,[162] should be denied because the state court of appeals decision was not contrary to *Darden v. Wainwright*.  The state court of

---

[158]*Pointer*, 380 U.S. at 403.

[159]*Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam).

[160]ECF # 7, Attachment at 146.

[161]477 U.S. 168 (1986).

[162]ECF # 1 at 5.

appeals cited the Ohio analogue, *State v. Smith*,[163] for the proposition that a finding of prosecutorial misconduct is based on a court determination of whether the prosecution's actions were improper, and if so, whether any of the defendant's substantial rights were prejudiced.[164]

Quoting one of its own cases,[165] the state court of appeals stated that "[a] judgment may only be reversed for prosecutorial misconduct when the improper conduct deprives the defendant of a fair trial."[166]

The Supreme Court teaches that with regard to prosecutorial misconduct, "the relevant question for the habeas court to consider is whether the prosecutor['s] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."[167]

The state court of appeals evaluated Sauto's various challenges to the prosecutor's closing arguments, and responded to each in turn: "the prosecutor's statement was based on the evidence presented, not personal opinion;"[168] "the prosecutor's characterization was

---

[163]14 Ohio St.3d 13, 14 (Ohio 1984) (citing *United States v. Dorr*, 636 F.2d 117, 120 (5th Cir. 1981).

[164]ECF # 7, Attachment at 148-49.

[165]*State v. Knight*, 9th Dist. Summit No. 03CA008239, 2004-Ohio-1227.

[166]ECF # 7, Attachment at 149.

[167]*Darden*, 477 U.S. at 181("[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned") (citation omitted).

[168]ECF # 7, Attachment at 149.

proper;"[169] "the prosecutor's statement merely clarified;"[170] and that "the prosecutor's isolated comments about [the victim's] credibility did not deprive Ms. Sauto of a fair trial."[171]

While the state court of appeals did not specifically cite *Darden* for the relevant federal law regarding prosecutorial misconduct, its decision overruling her assignment of error is by no construction contrary to *Darden's* holding.

Accordingly, after AEDPA review, ground six should be denied.

**7.  *Ground seven - alleging that there was insufficient evidence to permit a rational fact finder to return a guilty verdict - should be denied after AEDPA review, because the state court of appeals decision was not an unreasonable application* Jackson v. Virginia.[172]**

Ground seven, challenging the sufficiency of the evidence for conviction,[173] should be denied because the state court of appeals rejection was not an unreasonable application of *Jackson v. Virginia.*

Ohio's statute for unlawful sexual conduct with a minor provides that:

No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.[174]

---

[169]*Id.*

[170]*Id.* at 150.

[171]*Id.*

[172]443 U.S. 307 (1979).

[173]ECF # 1 at 5.

[174]R.C. 2907.03(A).

The state court of appeals cited the Ohio analogue of *Jackson*, *State v. Jenks*,[175] reviewed the evidence "in a light most favorable to the prosecution."[176]  It found that the state presented evidence that J.C. was underage at the time of the sexual contact between Sauto and him.[177]  It found that the state presented evidence that Sauto was over eighteen at that time.[178]  And it found that the state presented evidence that Sauto was aware of J.C.'s age.[179]  In consideration of the above, the state court of appeals found a sufficient basis for conviction.[180]

The relevant question here is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[181]  After the preceding review, it cannot be said that the state court of appeals sufficiency of the evidence analysis was contrary to the clearly established federal law in *Jackson*.

As such, after AEDPA review, ground seven should be denied.

---

[175]61 Ohio St.3d 59 (Ohio 1991).

[176]ECF # 7, Attachment at 152.

[177]*Id.*

[178]*Id.*

[179]*Id.*

[180]*See id.*

[181]*Jackson*, 443 U.S. at 319 (emphasis in original)(citation omitted); *see also Cavazos v. Smith*, 132 S.Ct. 2, 3 (2011) (per curiam) ("A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.").

## Conclusion

For the reasons stated, I recommend that Sauto's petition be dismissed in part and denied in part as is more fully set forth above.


Dated: January 12, 2016                          s/ William H. Baughman, Jr.
                                                 United States Magistrate Judge