# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KIMBERLY SAUTO,** | ) CASE NO. 5:14 CV 1970 |
| | ) |
| Petitioner, | ) **JUDGE DAN AARON POLSTER** |
| | ) |
| vs. | ) **OPINION AND ORDER** |
| | ) |
| **OHIO ADULT PAROLE AUTH.,** | ) |
| | ) |
| Respondent. | ) |

This case is before the Court on the Report and Recommendation of Magistrate Judge William H. Baughman (the "R & R"). (**Doc #: 10**.) The Magistrate Judge recommends that the Court dismiss in part and deny in part the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Kimberly Sauto (the "Petition"). (**Doc #: 1**.) The Court has reviewed the Petition, the R & R, the Objections (**Doc #: 12**) and the record, and is prepared to issue a ruling.

Petitioner Kimberly Sauto is currently serving a five-year term of post-release control imposed by a state-court jury following her 2012 conviction by a state-court jury of unlawful sexual contact with a minor. Sauto has raised seven grounds for relief, and the State contends that ground five should be dismissed as procedurally defaulted, grounds one through three should be dismissed as non-cognizable issues of state law, and the remaining grounds should be denied on the merits.

As a preliminary matter, the Court agrees with the Magistrate Judge's conclusion that Ground Five is procedurally defaulted for the reasons fully explained in the R & R at 19-22.

In Ground One, Petitioner asserts that the trial court violated procedural due process when it allowed an amendment of the indictment, several days before trial, that changed the date charged from 1 day to a period covering 19 days.  The Magistrate Judge concluded that this claim was non-cognizable because it involved only state law.  Although the Magistrate Judge did not address the two cases Petitioner cited in her Traverse, those cases only discussed the state constitution and are distinguishable.  *See, e.g., State v. Plaster*, 164 Ohio App.3d 750 (2005) (holding that the trial court committed reversible error when it permitted an amendment to the indictment dates that added two additional offenses).

In Ground Two, Petitioner alleges that the trial court's failure to grant a continuance upon amendment of the indictment constituted deprived her of a fair trial.  Although the Magistrate Judge did not address the main case cited by Petitioner, that case is also distinguishable.  *United States v. West*, 828 F.2d 1468 (10th Cir. 1987) (the failure to grant a continuance deprived the criminal defendant of key defense witness).

In Ground Three, Petitioner alleges that the trial court's denial of her motion for a mistrial
constitutes a due process violation and deprived her of a fair trial.  Petitioner admits that this claim is an extension of its claim in Ground One.  Petitioner cites a state court case, *State v. Talbert*, 33 Ohio App.3d 282 (1986), which is factually distinguishable.  In any event, as the Magistrate Judge correctly stated, a federal habeas court may not issue a writ on the basis of a perceived error of state law.

As to Ground Four, the argument and cases cited by the Petitioner in the objection are virtually the same as in her Traverse–requiring no *de novo* review.  In any event, the Court

agrees with the state appeals court and the Magistrate Judge, and the record shows, that Sauto was not denied the right to confront the witnesses against her.

Despite requesting, and being granted an extension of time to file objections (Doc #: 11 and non-document order of 1/26/16), Petitioner's objections to Grounds Four, Six and Seven are lifted <u>verbatim</u> from the arguments Petitioner raised in her traverse. Compare Doc #: 9, at 10-14 (regarding hearsay) with Doc #: 12, at 12-15. Compare Doc #: 9, at 14 (regarding prosecutorial misconduct) with Doc #: 12, at 16-17. Compare Doc #: 9, at 16-18 (regarding sufficiency of the evidence) with Doc #: 12, at 18-17. As the Magistrate Judge has fully and adequately addressed Petitioner's arguments and Petitioner has failed to raise anything new, the objections are overruled.

Accordingly, the Court **OVERRULES** the objections (**Doc #: 12**), **ADOPTS** the R & R (**Doc #: 10**), and **DENIES IN PART and DISMISSES IN PART** the Petition for the reasons set forth in the R & R (**Doc #: 1**).

**IT IS SO ORDERED.**

/s/ *Dan A. Polster     3/25/2016*
**Dan Aaron Polster**
**United States District Judge**